United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW YOU SPA, et al., | Case No. 21-cv-02102-CRB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| CITIZEN'S INSURANCE GROUP, | |
| Defendant. | |

Plaintiffs New You Spa and Emilia Khajavi are suing Defendants The Hanover Insurance Group, Citizens Insurance Company of America (Citizens) and Does 1–50 for breach of contract and breach of the covenant of good faith and fair dealing. See Complaint (dkt. 1) ¶¶ 21–32. The Court accepts the allegations in the Complaint as true. Those allegations indicate that in March 2016 the insured, Elite Surgical Services, LLC, Elite Surgical Services, and Nosrat Khajavi ("Elite") experienced a water intrusion that harmed Plaintiffs' business, and Plaintiffs "made claim upon Elite for payment of damages." Id. ¶¶ 3, 8. Elite tendered the claim to Citizens, which neither denied nor acknowledged coverage while repeatedly asking for more information. Id. ¶¶ 9–11. Plaintiffs and Elite expected Citizens to deny or acknowledge coverage by August 9, 2019. Id. ¶ 12. But Citizens did not communicate a decision until March 2020, when Citizens asserted that Plaintiffs' legal claims against Elite were time-barred. Id. ¶ 13. Nonetheless, in August 2020, Plaintiffs and Elite entered into a "Confession of Judgment," under which Elite agreed to pay Plaintiffs $318,982.60. Id. ¶¶ 19–20. Elite also assigned its rights under the insurance policy to Plaintiffs. Id. ¶ 3.

The Court takes judicial notice of the insurance policy because Plaintiffs' claims

depend on the rights and obligations of the parties under the policy, such that the policy is incorporated by reference in the Complaint. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). The Court need not (and does not) consider other documents.

The court grants Citizens' motion to dismiss for two independent reasons.

First, Citizens did not breach the general policy provision. That provision requires Citizens to "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, or personal and advertising injury to which this insurance applies." And Citizens "will have the right and duty to defend the insured against any "suit" seeking those damages." Policy (dkt. 5-2) at 45, ECF pg. 101. Plaintiffs' allegations show that Citizens complied with this provision. Although Plaintiffs did not bring a "suit" against Elite seeking damages, Citizens defended Elite by asserting that Plaintiffs' claim was time-barred. And Plaintiffs' allegations do not show that Elite was "legally obligated" to pay anything as damages. They show only that Elite volunteered to pay Plaintiffs via the confession of judgment.

Second, the insurance policy provides that "[n]o insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [Citizens'] consent." Policy at 58, ECF pg. 114. And "[n]o person or organization has a right under this policy . . . [t]o sue [Citizens] unless all of its terms have been fully complied with." Id. Here, Plaintiffs allege that Elite assumed an obligation to pay Plaintiffs, via the confession of judgment, without Citizens' consent. Therefore, neither Elite nor Plaintiffs (once assigned Elite's rights) could sue Citizens under the policy. Plaintiffs' argument to the contrary—that Citizens may not invoke the "no-voluntary-payments" provision of the policy because Citizens effectively declined to defend and thus abandoned Elite, see Opp. to Mot. to Dismiss (dkt. 10) at 5 (citing Jamestown Builders, Inc. v. General Star Indem. Co., 77 Cal. App. 4th 341, 347–48 (1999)), is belied by the allegations in the Complaint. Whatever confusion Citizens' delay in taking a position on the claim may have caused before March 2020, Elite did not enter

into the agreement to pay Plaintiffs (i.e., the confession of judgment) until August 2020, months after Citizens asserted that Plaintiffs' claims against Elite were time-barred.

For the foregoing reasons, Plaintiffs have failed to state a breach of contract claim for which relief may be granted. And with no breach of contract, there can be no breach of the covenant of good faith and fair dealing. See Waller v. Truck Ins. Exch. Inc., 11 Cal.4th 1, 36 (1995). Because the allegations in the Complaint and the plain language of the policy demonstrate that amendment would be futile, the Court grants Citizens' motion to dismiss with prejudice. See Cook, Perkiss & Leihe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

**IT IS SO ORDERED.**

Dated: May 5, 2021

_____
CHARLES R. BREYER
United States District Judge